UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                         )

**MANUEL ROBERT LUCERO**          )
                                                       )        **CIVIL ACTION**
        **Plaintiff,**        )
                                                       )        **NO. 4:17-CV-40118-TSH**
        **v.**                     )
                                                     )
**LEWIS G. EVANGELIDIS,**         )
**THOMAS TURCO III,**              )
**CORRECT CARE SOLUTIONS,**   )
                                                     )
        **Defendants.**    )
_____)

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS**
**(Docket No. 21)**

**September 21, 2018**

**HILLMAN, D.J.**

Manuel Lucero (Plaintiff) brought this civil rights action against Lewis G. Evangelidis, Sheriff of Worcester County, Thomas A. Turco III, Commissioner of Corrections, and Correct Care Solutions, the healthcare provider for inmates at Worcester County Jail and House of Corrections (WCJHOC). Defendant Evangelidis moves to dismiss the Plaintiff's Complaint on the grounds that Plaintiff has failed to state a viable supervisory liability claim upon which relief can be granted. For the reasons set forth below, Defendant's motion (Docket No. 21) is ***granted***.

**Background**

The following facts are taken from Plaintiff's complaint and are assumed true for the purposes of this motion. Manuel Lucero was formerly an inmate at Worcester County Jail and House of Corrections (WCJHOC). During his time there he was deprived of "the basic necessities of life, including: warmth, safety, sanitation, and adequate medical care." (Docket No. 11 at ¶ 26).

Inmates are kept in close quarters consisting of two-person bunks arranged about four feet on all sides from another bunk; he was given a dirty mattress; he was forced to take hot showers; there were insufficient fire drills; he was given insufficient blankets; his food was cold and contained bodily fluids; he was deprived of engaging in consensual sexual intimacy with other inmates; he was denied adequate medical care; he had insufficient access to legal resources; and prison officials retaliated against him for complaints and denied three orders of Black's Law Dictionary under the false pretense that they were used when in fact ordered new directly from the publisher.

### **Standard of Review**

A defendant may move to dismiss, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). Although detailed factual allegations are not necessary to survive a motion to dismiss, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).

In evaluating a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 68 (1st Cir. 2000). It is a "context-specific task" to determine "whether a complaint states a plausible claim for relief," one that "requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more

than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).  On the other hand, a court may not disregard properly pled factual allegations, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556.

Because Plaintiff appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Nevertheless, Plaintiff's pro-se status does not excuse him from complying with procedural and substantive law. *See Ahmed v. Rosenblatt,* 118 F.3d 886, 890 (1st Cir.1997).

## Discussion

Section 1983 "creates a remedy for violations of federal rights committed by persons acting under color of state law." *Haywood v. Drown*, 556 U.S. 729 (20009).  It requires three elements for liability: deprivation of a right, a causal connection between the actor and the deprivation, and state action. 42 U.S.C. § 1983.  The Plaintiff seeks injunctive relief and damages for the alleged violation of the statute.

*1. Standing for Injunctive Relief*

Plaintiff petitions the court for an injunction to abolish policies that violate inmates' federal rights.  Plaintiff, however, is no longer housed at the Worcester County House of Correction. Therefore, he no longer has a legally cognizable interest in the conditions at the facility thus rendering his claims moot.

"The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—'a likelihood of substantial and immediate irreparable harm.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)).

A court, however, may nonetheless award injunctive relief if a claim is "capable of repetition, yet evading review." *S. Pac. Terminal Co. v. ICC*, 219 U.S. 498 (1911). This exception, while well-established, is construed narrowly. *See Redfern v. Napolitano*, 727 F.3d 77, 84 (1st Cir. 2013). According to the Supreme Court, a party seeking relief under the exception has the burden of showing that "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation or a demonstrated probability that the same complaining party will be subject to the same action again." *FEC v. Wis. Right To Life, Inc.*, 551 U.S. 449, 462 (2007).

In *Ford v. Bender*, the First Circuit held, in a case much like the one presented here, that a pretrial detainee failed to satisfy the second requirement because "there was no reasonable expectation that he will again be confined to the DDU as a pretrial detainee." 768 F.3d 15, 30 (1st Cir. 2014). The same is true of Mr. Lucero and therefore his claims for injunctive relief are moot.

### 2. *Claims for Damages*

#### a. *Official Capacity*

"[A] suit against a state official in his or her official capacity in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). Worcester County was abolished in 1998, and all of its departments, including the WCSO, were transferred to the Commonwealth of Massachusetts. Mass. Gen. Laws c. 34B, §§ 1, 4. In addition, the Sheriff of Worcester County is an employee of the Commonwealth of Massachusetts. Mass. Gen. Laws c. 34B, § 12. However, "neither a State nor its official acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71. Therefore, "[s]ince a state is not a 'person' for purposes of Section 1983, all claims

against Sheriff [Evangelidis] in his official capacity are barred." *Broner v. Flynn*, 311 F. Supp. 2d 227, 233 (D. Mass. 2004).

Insofar as the Plaintiff's claims against the Defendant can be interpreted as being asserted against the Commonwealth of Massachusetts, such claims are barred by the Eleventh Amendment. "The Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Further, "[t]he Commonwealth has expressly exercised its prerogative to waive its sovereign immunity only insofar as claims are brought against it in its own judicial fora." *Rivera v. Commonwealth*, 16 F. Supp. 2d 84, 87 (D. Mass. 1998). The Commonwealth has only waived its sovereign immunity under the Massachusetts Tort Claims Act, which grants sole jurisdiction to the state Superior Court. Mass. Gen. Laws. C. 258, §§ 2, 3. However, "[t]he Commonwealth has not consented to be sued in federal courts." *Nobile v. Commonwealth of Massachusetts, et al.*, 675 F. Supp. 2d 214, 216 (D. Mass. 2009). Consequently, because Plaintiff's Section 1983 claims against Defendant in his official capacity are claims against the Commonwealth of Massachusetts, his claims are barred by the Eleventh Amendment.

*a. Individual Capacity*

Although "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*," *Iqbal*, 556 U.S. at 676, "supervisory officials may be liable on the basis of their own acts or omissions." *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 49 (1st Cir. 2009). Supervisory liability in the context of Section 1983 claims usually arises in one of two ways: "either the supervisor may be a 'primary violator or direct participant in the rights-violating incident,' or liability may attach 'if a responsible official supervises, trains, or hires a subordinate with deliberate indifference toward the possibility that deficient performance

of the task eventually may contribute to a civil rights deprivation.'" *Id.* (quoting *Camilo-Robles v. Zapata*, 175 F.3d 41, 44 (1st Cir. 1999)). "In either case, the plaintiff in a Section 1983 action must show 'an affirmative link, whether through direct participation or through conduct that amounts to condonation or tacit authorization,' between the actor and the underlying violation." *Sanchez*, 590 F.3d at 49 (quoting *Camilo-Robles*, 175 F.3d at 44).

Because Plaintiff does not allege that Defendant Evangelidis was a direct participant in Plaintiff's alleged harms, the later scenario is relevant here. Thus, the inquiry focuses on "whether the supervisor's actions displayed deliberate indifference toward the rights of third parties and had some causal connection to the subsequent tort." *Camilo-Robles*, 175 F.3d at 44. Importantly, on a motion to dismiss, merely "[p]arroting our standard for supervisory liability in the context of Section 1983 . . . is precisely the type of 'the-defendant-unlawfully-harmed-me' allegation that the Supreme Court has determined should not be given credence when standing alone." *Sanchez*, 590 F.3d at 49 (internal citations omitted).

Here, Plaintiff has provided no factual allegations that could plausibly establish that Defendant Evangelidis was deliberately indifferent to the fact that conditions at WCJHOC presented a risk that federal rights would be violated or that deficient medical care presented a risk of constitutional injury. Further, Plaintiff does not plead any facts that could lead to an inference that Defendant Evangelidis was causally connected to his harms in any way. Instead, Plaintiff has merely "parroted" the standard for supervisory liability. Therefore, Defendant Evangelidis is also not liable in his individual capacity.

## Conclusion

For the reasons set forth above, Defendant Evangelidis' motion to dismiss is ***granted***.

**SO ORDERED.**

                                                /s/ *Timothy S. Hillman*
                                                **TIMOTHY S. HILLMAN**
                                                **DISTRICT JUDGE**