UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MANUEL ROBERT LUCERO ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LEWIS G. EVANGELIDIS, ) <br> THOMAS TURCO III, ) <br> CORRECT CARE SOLUTIONS, ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION <br><br> NO. 4:17-40118-TSH |

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Docket No. 82)

**May 17, 2019**

**HILLMAN, D.J.**

Manuel Lucero ("Plaintiff") brought this civil rights action against Lewis G. Evangelidis, Sheriff of Worcester County, Thomas A. Turco III, Commissioner of Corrections, and Correct Care Solutions ("Correct Care"), the healthcare provider for inmates at Worcester County Jail and House of Corrections ("WCJHOC"). Correct Care filed this motion for summary judgment. (Docket No. 82). For the reasons set forth below, Defendant's motion is ***granted***.

### Background

Motions opposing summary judgment "shall include a concise statement of the material facts of record as to which it is contended that here exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation." Local Rule 56.1. The material facts set forth in the statement filed by the moving party will be deemed admitted for purposes of unless controverted by the statement required to be served by the opposing party. *Id.* Plaintiff did not

submit a statement of facts in compliance with local rules. Instead, Plaintiff primarily relies on the allegations in his complaint to oppose summary judgement. "[S]uch reliance does not satisfy the Rule 56 standard. . . . Allegations made in a plaintiff's complaint, standing alone, are not enough to oppose a properly supported motion to summary judgment." *Ruiz-Rosa v. Rullan*, 485 F.3d 150, 156 (1st Cir. 2007) (citation omitted).

Accordingly, the background is taken from Correct Care's statement of facts (Docket No. 84) and deemed admitted for purposes of this motion.

On March 26, 2016, Plaintiff arrived as a pretrial detainee at WCJHOC. Upon his arrival, Correct Care performed an initial medical screening. During that screening, Plaintiff denied having any dental pain. During his time at WCJHOC, Plaintiff made several healthcare requests, which were promptly addressed by Correct Care.[1]

On June 7, 2017, Correct Care provided Plaintiff with a routine physical which included a dental screening. Plaintiff did not raise any dental concerns and that time, and none were noted during the assessment.

On June 22, 2017, Plaintiff submitted a healthcare request to obtain his medical records. Correct Care responded to the request that day and informed Plaintiff that he could "request to sign an ROI [Release of Information] & have a copy of [his] medical records placed on a disk & placed in property." (Docket No. 84 ¶ 19). Plaintiff never signed an ROI.[2]

On July 10, 2017, Plaintiff submitted a healthcare request, complaining about a dental issue for the first time. In that request, Plaintiff claimed that he had "submitted multiple requests for

---

[1] Plaintiff does not deny that this assessment took place but contends that it was not "comprehensive." (Docket No. 94, at 19).

[2] Plaintiff does not contest these facts in his memorandum but argues that items "placed in his property" would have been "inaccessible to him during his incarceration." (Docket No. 94, at 24).

2

care due to an infection I've had in my tooth for months." There are not records, however, of such requests. A nurse treated Plaintiff the next day, gave him medication, and referred him to a dentist for evaluation.

On August 8, 2017, a dentist examined Plaintiff and determined that one of Plaintiff's molars needed a root canal or an extraction. Plaintiff, however, declined treatment and said he would wait until his release to seek treatment.

On August 26, 2017, Plaintiff submitted another healthcare request complaining of "extreme dental pain." The next day, a nurse examined Plaintiff's teeth. He was again given medication and referred to a dentist.

On September 7, 2017, Plaintiff provided consent for an extraction of his decaying molar. A dentist removed the tooth that day. On September 11, 2017, Plaintiff complained of ongoing pain and requested ibuprofen, Correct Care staff provided.[3]

## **Standard of Review**

Rule 56 of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment if the moving party shows, based on the materials in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A factual dispute precludes summary judgment if it is both "genuine" and "material." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505 (1986). An issue is "genuine" when the evidence is such that a reasonable factfinder could resolve the point in favor of the nonmoving party. *Morris v. Gov't Dev. Bank of Puerto Rico*, 27 F.3d 746, 748 (1st Cir.

---

[3] Again, while Plaintiff does not directly contest these facts in his memorandum, he argues that "[t]he integrity of the record is more than questionable as there are a multitude of seeming 'afterthoughts' that throw vagueness and ambiguity into Plaintiff's requests or attempt to obfuscate otherwise straightforward medical documentation." (Docket No. 94, at 22).

1994). A fact is "material" when it might affect the outcome of the suit under the applicable law. *Id.*

The moving party is responsible for "identifying those portions [of the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986). It can meet its burden either by "offering evidence to disprove an element of the plaintiff's case or by demonstrating an 'absence of evidence to support the nonmoving party's case.'" *Rakes v. United States*, 352 F. Supp. 2d 47, 52 (D. Mass. 2005), *aff'd*, 442 F.3d 7 (1st Cir. 2006) (quoting *Celotex*, 477 U.S. at 325, 106 S.Ct. 2548). Once the moving party shows the absence of any disputed material fact, the burden shifts to the non-moving party to place at least one material fact into dispute. *Mendes v. Medtronic, Inc.*, 18 F.3d 13, 15 (1st Cir. 1994) (citing *Celotex*, 477 U.S. at 325, 106 S.Ct. 2548). When ruling on a motion for summary judgment, "the court must view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Scanlon v. Dep't of Army*, 277 F.3d 598, 600 (1st Cir. 2002) (citation omitted).[4]

## Discussion

### 1. Deliberate Indifference

To prove an Eighth or Fourteenth Amendment violation for deficient medical care in prison, a plaintiff "must satisfy both of two prongs: (1) an objective prong that requires proof of a serious medical need, and (2) a subjective prong that mandates a showing of prison administrators'

---

[4] Failure to timely oppose a motion for summary judgement is not itself enough to justify summary judgment. *See Lopez v. Corporacion Azucarera de Puerto Rico*, 938 F.2d 1510, 1517 (1st Cir. 1991) (holding that before granting an unopposed summary judgement motion, the court must assess whether the moving party has met its burden of showing undisputed facts entitling it to summary judgment as a matter of law). Thus, a District Court is "obliged to consider the motion on the merits, in light of the record as constituted, in order to determine whether judgment would be legally appropriate." *Kelly v. United States*, 924 F.2d 355, 358 (1st Cir. 1991).

4

deliberate indifference to that need." *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (citation omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 103-106, 97 S.Ct. 285 (1976) (holding that inadequate treatment must be "sufficiently harmful to evidence deliberate indifference to serious medical needs"); *Sires v. Berman*, 834 F.2d 9, 12 (1st Cir. 1987) ("A plaintiff must satisfy two elements to present a viable claim: he must show a serious medical need, and he must prove the defendant's purposeful indifference thereto.").

Plaintiff cannot demonstrate that prison administrators were deliberately indifferent to his medical needs. In fact, the record demonstrates that administrators promptly and properly responded to his numerous healthcare requests.

### 2. Remaining Claims

Plaintiff alleges that Correct Care unlawfully refused to provide him with his medical records. The record demonstrates that Plaintiff never signed a form to release his medical records. While Plaintiff argues that even if he did sign the form, Correct Care would not have provided access to his records because he could not access items "in property," the Court cannot resolve "disputes involving conjectural or hypothetical injuries." *Reddy v. Foster*, 845 F.3d 493, 500 (1st Cir. 2017).

To the extent that Plaintiff's claim that WCJHOC lacks "a flu shot or immunization program" (Docket No. 11 ¶ 173) is directed at Correct Care, the record indicates that there is a flu clinic at WCJHOC. (Docket No. 86-1, at 324).

Finally, Plaintiff alleges that Correct Care failed to train staff to respond to emergency medical situations. (Docket No. 11 ¶ 169).[5] In his Complaint, Plaintiff describes a fellow inmate who died after a heart attack. *See id.* ¶¶ 81-93. According to Plaintiff, the inmate died because

---

[5] The Court interprets this claim as another deliberate indifference claim.

Correct Care staff were not adequately trained to respond to the event. Plaintiff has failed to show, however, that he experienced a medical emergency to which Correct Care was deliberately indifferent. Accordingly, this claim must also fail.

## **Conclusion**

For the reasons stated above, Correct Care's motion (Docket No. 82) is ***granted***.

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**